**Michael McCOY, Appellant,**

v.

**Kenneth KNOWLES, Individually & d/b/a Central Bail Bonds, Amigo Bail Bonds, AAA Bail Bonds and A–Aaron Bail Bonds, Appellee.**

No. 2–90–181–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 13, 1991.

Rehearing Overruled Dec. 10, 1991.

Law Offices of Dean A. Sanders, and Dean A. Sanders, Wichita Falls, for appellant.

Stephen R. Marsh, Wichita Falls, for appellee.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION

FARRIS, Justice.

McCoy appeals a judgment entered following a court-imposed sanction dismissing McCoy's pleadings for his failure to respond to discovery requests. McCoy complains the trial court abused its discretion because the sanction was excessive. We sustain his point of error because the trial court did not first consider the availability

of lesser sanctions. *See Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991).

The case is reversed and remanded for new trial.

Before addressing the merits of McCoy's appeal, it is necessary that we first sort through a muddled record and determine whether we have jurisdiction. There were originally two cases which were consolidated; however, before the consolidation, the court entered an order in each that purported to be a final judgment. In addition, there is a "Consolidated Judgment" entered April 24, 1990, more than thirty days after the prior two orders. In cause number 133, 889–B, the judgment signed January 23, 1990, was not final because it did not dispose of Knowles' counterclaims against McCoy. The judgment in cause number 134, 145–B was not final because it awarded Knowles "his damages as pled"; however, Knowles pled for unliquidated damages, attorney's fees, restoration of personal property, and injunctive relief so the judgment is not enforceable by reference to the pleadings and, thus, is not final. Therefore, the "Consolidated Judgment" was the final judgment determining the time limits for appeal, and McCoy's appeal is timely.

 *Transamerican* provides two standards to measure the justness of an imposed sanction. First, a direct relationship must exist between the offensive conduct and the sanction imposed; it must be directed against the abuse and toward remedying the prejudice the abuse causes; and be visited upon the offender, either the party, the party's attorney, or both. *Transamerican*, 811 S.W.2d at 917. Secondly, it must not be excessive; the punishment should fit the crime; a discovery abuse sanction should be only as severe as necessary to achieve its legitimate purpose; the trial court first must consider whether less stringent sanctions would be appropriate and fully promote compliance. *Id.*

We sustain McCoy's point because the trial court did not consider a less stringent sanction before striking his pleadings; consequently, the extreme sanction imposed fails to meet the second *Transamerican* standard, that it is not excessive. *See id.* Further, there is nothing in the record to support a finding that striking McCoy's pleadings for discovery abuse was necessary. *See id.* at 919. Although his responses to discovery were late and incomplete, the record does not show that he contemporaneously continued to obstinately disregard an obligation to answer despite court orders imposing lesser sanctions. Neither is there any suggestion that as a consequence of McCoy's discovery abuse, Knowles was irreversibly denied access to evidence or other discoverable matters. Further, there is no showing that McCoy's discovery abuse has caused Knowles injury that cannot be remedied, such as loss of witness testimony caused by a postponed trial.

Accordingly, the judgment of the trial court is reversed and remanded for new trial.